IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL POTICNY**, | Case No. 3:22-cv-01243-IM |
| Plaintiff, | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT** |
| v. | |
| **MOVERS AND PACKERS RELOCATION SPECIALISTS LLC**, | |
| Defendant. | |

Paul B. Barton, Olsen Barton LLC, 5 Centerpointe Drive, Suite 220, Lake Oswego, OR 97035. Attorney for Plaintiff.

Tyson L. Calvert and Mitchell Diesko, Lindsay Hart LLP, 1300 SW Fifth Avenue, Suite 3400, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Defendant Movers and Packers Relocation Specialists LLC asks this Court to use its authority under Federal Rule of Civil Procedure 60(b) to set aside the final judgment. Motion to Set Aside the Default Judgment ("Def.'s Mot."), ECF 39. Defendant argues that its delay in responding was due to excusable neglect, it has a meritorious defense, and reopening the case

PAGE 1 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

would not prejudice Plaintiff Michael Poticny. As explained below, while this Court agrees that Plaintiff has not shown that this delay would impact his ability to pursue his claims, this Court finds that Defendant is responsible for the conduct that led this Court to enter default judgment against it and that Defendant's proffered defense is not meritorious. Accordingly, this Court DENIES the Motion to Set Aside the Default Judgment.

## BACKGROUND[1]

In the spring of 2022, Plaintiff and a broker executed a Binding Moving Estimate to transport Plaintiff's household property from Oregon to Pennsylvania for $26,536.58. Complaint ("Compl."), ECF 1 ¶ 11. That broker contacted Defendant, which agreed to transport the property for the price contained in the Binding Estimate. *Id.* ¶ 12. Defendant signed a Job Acceptance Form, in which it agreed to adopt the Binding Estimate as its own. *Id.*

The parties dispute what occurred when it came time to move Plaintiff's belongings. Plaintiff claims that Defendant required him to sign a blank Bill of Lading before loading his property onto the moving truck. *Id.* ¶ 14. Afterward, according to Plaintiff, Defendant's representative filled in information on the Bill of Lading and increased the total to $44,634. *Id.* ¶ 16. Defendant, on the other hand, claims that its representative filled out the Bill of Lading and had Plaintiff sign it prior to loading. Def.'s Mot., ECF 39 at 2. The parties do not dispute what came after—Defendant charged Plaintiff $44,634, Plaintiff refused to pay that amount, and Defendant transported the property to an undisclosed location. Compl., ECF 1 ¶¶ 16, 18–20.

---

[1] The following background is taken from allegations in Plaintiff's Complaint, ECF 1, procedural developments reflected in various opinions and orders from this Court, and evidence provided by the parties for purposes of this Motion.

PAGE 2 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

Plaintiff attempted to contact Defendant twice in July 2022 and received no response. *Id.* ¶¶ 24–26. Plaintiff also filed a complaint with the Federal Motor Carrier Safety Administration on July 27, 2022. *Id.* ¶ 27. Defendant had not responded as of the time Plaintiff initiated this litigation. *Id.* ¶ 28. Plaintiff filed his Complaint in this case on August 23, 2022, and served Defendant, through its registered agent, with a copy of the Complaint and summons on September 1, 2022. ECF 15 at 2. The deadline to appear or file an answer was September 22, 2022, and Defendant did not file any responsive pleadings or otherwise appear within the required 21-day period. *Id.*

Plaintiff filed a Motion for Default Judgment, ECF 7, which this Court denied with instruction to first file a request for Entry of Default with the clerk. ECF 9. On September 29, 2022, Plaintiff filed a Motion for Entry of Default, ECF 10, which the clerk entered on October 6, 2022. ECF 14. Plaintiff then filed his Second Motion for Default Judgment on October 19, 2022. ECF 15. That same day, Plaintiff's counsel contacted Defendant via email informing it of the entry of default and the motion seeking default judgment. Declaration of Paul Barton ("Barton Decl."), ECF 43, Ex. 8. This Court granted that Motion in part on December 30, 2022. This Court ordered Defendant to pay damages and attorney's fees and costs. ECF 20 at 15, 20. Plaintiff delivered a writ of garnishment to Bank of America on February 2, 2023, and this Court received the garnishee response on February 7, 2023. ECF 25. Emails from Plaintiff's counsel at this time suggest he was in contact with Defendant's office regarding this Court's Judgment. Barton Decl., ECF 43, Exs. 10, 11. The Judgment was later amended on March 7, 2023, ordering Defendant to disclose the location of the property, deliver the property to Plaintiff, or pay Plaintiff the damages and attorney's fees and costs. ECF 27. Plaintiff provides emails suggesting

PAGE 3 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

he was in contact with Defendant's office regarding this Court's Amended Judgment. Barton Decl., ECF 43, Exs. 13, 14.

Defendant failed to deliver Plaintiff's property, reveal its location, or tender monetary payment. ECF 28-1 ¶ 5. Defendant still failed to respond in any way to the Complaint or Default Judgment, and Plaintiff moved for a debtor examination on April 14, 2023. ECF 28. That same day, Plaintiff sent an email and a letter via first class mail to Defendant informing it of his Motion for Judgment Debtor Examination. Barton Decl., ECF 43, Ex. 15. On April 21, 2023, this Court issued an order requiring Defendant to appear and answer under oath questions concerning any property or interest in property that Defendant may have or claim. ECF 29. This Judgment Debtor Examination was scheduled for May 30, 2023. *Id.* at 4. On May 10, Plaintiff's counsel sent interrogatories and this Court's Order granting the Motion for Judgment Debtor Examination via certified mail and first class mail to Defendant's registered agent, who confirmed receipt. Barton Decl., ECF 43 at 2; *id.*, Ex. 18. According to Plaintiff's counsel, his office was in contact with Defendant on May 23, 2023, and a representative of Defendant stated that the company does not respond to legal process unless filed in New Jersey. Barton Decl., ECF 43 at 3. Defendant failed to appear for the Examination. ECF 31 at 2.

On June 12, 2023, Plaintiff moved for imposition of sanctions. ECF 31. That same day, Jennifer DeHaas, sole owner and chief executive officer of Movers and Packers Relocation Specialists LLC, informed Plaintiff's counsel over email that "this must be tried in the state of New Jersey" and that she had not been served. Barton Decl., ECF 43, Ex. 23; *id.*, Ex. 30 ("DeHaas Depo."), at 9:16–25. This Court ordered Defendant to show cause by June 22 why it should not impose sanctions. ECF 32. Defendant failed to comply with this Court's Order, and this Court ordered Plaintiff to provide documentation showing that Defendant was properly

served with the Motion for Imposition of Sanctions. ECF 33. Plaintiff provided emails from Ms. DeHaas showing that she had actual notice of the Motion. ECF 34. On July 12, this Court granted in part and denied in part Plaintiff's Motion for Imposition of Sanctions, and ordered Defendant to respond, completely and accurately, to Plaintiff's interrogatories. ECF 35 at 1–3. Defendant was to be fined $500 per day for each day it failed to comply with the April 21 Order. *Id.* This Court also ordered Ms. DeHaas to personally appear before this Court on July 18 and show cause why she should not be sanctioned for Defendant's failure to comply with the April 21 Order. *Id.* Plaintiff mailed this Court's Order to Defendant's registered agent and Defendant, care of Ms. DeHaas, via certified mail and first class mail, Barton Decl., ECF 43, Ex. 27, and Plaintiff also emailed the Order to Defendant, *id.*, Ex. 28. Ms. DeHaas failed to appear. ECF 37. This Court then ordered Ms. DeHaas to personally appear for a Judgment Debtor's Examination to occur August 1, 2023, and "advised that failure to appear for this exam w[ould] result in the issuance of sanctions against her personally consistent with this Court's civil contempt authority." ECF 37 at 2.

      Ms. DeHaas was deposed by video on August 1, 2023. DeHaas Depo., ECF 43, Ex. 30. At her deposition, Ms. DeHaas acknowledged that Plaintiff "served the BOC-3 agent," but she stated that she "never talked to or never knew" that individual. *Id.* at 74:6–12. She stated that she had learned of the specific judgment against her the day before and of the case the week before. *Id.* at 74:6–12. Ms. DeHaas also stated that she recalled receiving the letters and emails Plaintiff's counsel sent to the company, and that her response had been, "[H]ey, why aren't you suing us in New Jersey?" *Id.* at 77:1–5. Defendant now moves this Court to set aside the default judgment.

PAGE 5 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

**LEGAL STANDARD**

Courts evaluate three factors in considering a motion to vacate a default judgment under Rule 60(b): (1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). "This standard . . . is disjunctive, such that a finding that any one of these factors" weighs against relief "is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (citation omitted).

**DISCUSSION**

As explained below, two of the three *Falk* factors weigh against setting aside the default judgment. First, Defendant's culpable conduct led to the default, and second, Defendant has not raised a meritorious defense. Accordingly, this Court declines to vacate the default judgment.

**A.  Culpable Conduct**

"In this circuit, 'a defendant's conduct [is] culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007) (alteration in original) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)); *see also McAleese v. Kalivas*, No. CV 03-865-BR, 2004 WL 3058278, at *4 (D. Or. Mar. 17, 2004) ("Defendant's failure to read and to follow the Federal Rules of Civil Procedure is not an 'understandable reason' for failure to appear timely. The Court, therefore, concludes the entry of default was the result of Defendant's culpable conduct." (citation omitted)). Negligent failure to respond is excusable if the defaulting party offers a credible, good faith explanation for

the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Grp.*, 244 F.3d at 697–98.

Defendant argues that it "was neither acting willfully nor with bad faith by not responding to plaintiff's complaint because of missed correspondence" from the process agent. Def.'s Mot., ECF 39 at 11. But Ms. DeHaas's deposition suggests otherwise. Ms. DeHaas recalled Plaintiff's counsel calling her to discuss the case, and Ms. DeHaas stated that her company "called [Plaintiff's counsel's] office multiple times." DeHaas Depo., ECF 43, Ex. 30, at 75:15–24. She stated that "we have proof in messages and emails, like why – why are we being sued in Oregon? We need to come to New Jersey." *Id.* at 75:22–24. She recalled receiving the letters and emails Plaintiff's counsel sent, and she asked whether Plaintiff's counsel recalled her response: "[H]ey, why aren't you suing us in New Jersey?" *Id.* at 77:1–5.

Defendant's refusal to accept this Court's jurisdiction is not an understandable reason for failure to appear, particularly considered in light of this case's procedural history. Despite having notice of this litigation, Defendant evinced an unwillingness to defend responsively. Plaintiff properly served multiple filings and orders from this Court and attempted to contact Defendant directly through email and telephone. The communications between the parties suggest that Defendant began responding when Plaintiff delivered a writ of garnishment to Bank of America in February 2023 and threatened to move for sanctions in June 2023, but the evidence provided by Plaintiff suggests that Defendant was aware of this litigation before then. While the argument that a court lacks jurisdiction can be made in good faith, it still must be made. Here, until a year after Plaintiff brought this suit, Defendant chose not to appear rather than raise a jurisdictional challenge or any other argument. Based on the facts before this Court, it appears that Defendant

PAGE 7 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

willfully ignored the lawsuit. Defendant chose to take a path of inaction that led to default judgment being entered against it. Thus, Defendant's conduct was culpable.

**B. Meritorious Defense**

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Mesle*, 615 F.3d at 1094. Courts do not assess the veracity of the facts alleged on a motion to set aside judgment; that "question 'would be the subject of the later litigation.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Here, Defendant argues that it has a meritorious defense under the Carmack Amendment. According to Defendant, Plaintiff failed to inventory all of the items he sought to have moved, which meant that Defendant was not bound by the Binding Estimate. Def.'s Mot., ECF 39 at 4–6. In this situation, Defendant had three options: (1) reaffirm the Binding Estimate, (2) prior to loading, prepare a new binding estimate that is signed by Plaintiff and maintain a record of the date, time, and manner in which the new estimate was prepared, or (3) agree with Plaintiff, in writing, that the original Binding Estimate will be considered a non-binding estimate. 49 C.F.R. § 375.403(a)(6). Defendant suggests that the Bill of Lading signed by Plaintiff was a new binding estimate prepared prior to loading. *See* Defendant's Reply, ECF 50 at 5–6.

Even taking Defendant's version of the facts as true, this is not a meritorious defense under a plain reading of the Carmack Amendment. In providing a binding estimate, a carrier like Defendant must comply with eleven requirements, including indicating on the face of each binding estimate that it is a binding estimate and that "the charges shown apply only to those services specifically identified in the estimate," 49 C.F.R. § 375.403(a)(4); "bas[ing] the binding estimate on the physical survey" unless that survey requirement is waived in writing, *id.* §§ 375.403(a)(1), 375.401(a); "describ[ing] binding-estimate shipments and all services" to be

PAGE 8 – OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT

provided, *id.* § 375.403(a)(5); and "retain[ing] a copy of each binding estimate as an attachment to be made an integral part of the bill of lading contract," *id.* § 375.403(a)(3). The Bill of Lading satisfies none of the statutory requirements for a binding estimate. Further, while parties may contract around the Carmack Amendment, they must do so in writing. *See* 49 U.S.C. § 14101(b). Defendant does not claim that the parties executed such a writing. Defendant has not alleged sufficient facts that would constitute a defense.

### C. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting default" as vacating default "merely restores the parties to an even footing in the litigation." *Id.* Thus, "the ordinary cost of litigating is simply not cognizable under *Falk*'s prejudice factor." *Id.* Rather, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Id.* (alteration in original) (quoting *Falk*, 739 F.2d at 463). The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion. *See id.*

Here, Plaintiff does not argue that setting aside the default judgment will impact his ability to pursue his claims, beyond delaying the resolution of the action. *See* Resp., ECF 42 at 3. This factor supports setting aside the judgment. Nonetheless, based on the other *Falk* factors, relief from default judgment is inappropriate in this case.

## CONCLUSION

Defendant is culpable for the conduct leading to default, and it has not alleged a meritorious defense. Accordingly, this Court DENIES Defendant's Motion to Set Aside the Default Judgment, ECF 39.

**IT IS SO ORDERED.**

DATED this 3rd day of November, 2023.

                                                   /s/ Karin J. Immergut
                                                 Karin J. Immergut
                                                 United States District Judge